---

**WILFREDO MARTINEZ,** and
**JOSE EVANGELISTA,** and
**SCIPIO REID,** and
**LAWRENCE SHEPARD,**
individually and behalf of others
similarly situated,

           Plaintiffs,

vs.

**FSA LOGISTIX, INC.**
A Foreign Profit Corporation,

           Defendant.

**Hon.**
**Case No.**

/

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Kristin Sage (P81173)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

/

## PLAINTIFFS' COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT

**There is no other pending or resolved civil action arising out of the
transaction or occurrence alleged in the Complaint.**

NOW COME the Plaintiffs, by and through their attorneys, Avanti Law Group, PLLC,

and in this Collective and Class Action Complaint state as follows:

1.     This is a civil action brought on behalf of Plaintiffs, and all those similarly situated, who

worked for Defendant during the last three years performing delivery and truck driving

services. Plaintiffs complain that Defendant failed to pay overtime at a rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek which to he and others were entitled under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

2.     Defendant violated the FLSA by failing to pay its employees, including Plaintiffs, time and one-half for each hour worked in excess of forty (40) per workweek. The FLSA requires the non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiffs bring this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

3.     Named Plaintiffs are employees who are entitled to compensation and prompt payment of amounts that the employer owes an employee when the employee works, quits, or is terminated and other compensation that is prescribed by law.

4.     Plaintiffs seek a declaration that their rights, and those of the others similarly situated, have been violated, an award of unpaid wages, an award of liquidated damages, and an award of attorney fees and costs to make her whole for damages they have suffered.

5.     Upon information and belief, Defendant, likewise, does not pay proper overtime to other similarly situated workers. Plaintiffs bring a collective action to recover unpaid overtime compensation owed to themselves and on behalf of all other similarly situated employees, current and former, of Defendant. Members of the Collective Action are hereinafter referred to as "Class Members."

## PARTIES

6.   All named Plaintiffs are residents of the County of Kent, state of Michigan, and whose consents to sue are attached as *Exhibit A.*.  Named Plaintiffs and those similarly situated bring this action on behalf of all current and former persons who were, are, or will be employed by Defendant throughout the state of Michigan on a per day basis at any time within the three years prior to the filing of the initial Complaint and through the final disposition of this action, who were, are, or will be eligible for but did not receive overtime compensation, or proper wages.

7.   Plaintiffs worked for Defendant's delivering and installing appliances throughout the state of Michigan.

8.   Defendant FSA, is a Foreign Profit Corporation whose registered office address is 40600 Ann Arbor Road East, Suite 201, Plymouth, Michigan and whose resident agent is National Registered Agents Inc.

9.   Defendant has been conducting business in the County of Wayne, state of Michigan since at least 2015.

10.  Defendant has been conducting business in the County of Kent, state of Michigan at all times relevant to the allegations in this complaint.

## COVERAGE

11.  At all material times, Defendant has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

12. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

13. At all material times, Plaintiffs and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA.

14. Plaintiffs were engaged in commerce either through work related to the actual movement of commerce, work that regularly uses the channels of commerce; or work related to the instrumentalities of commerce.

15. Defendant is an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA.

16. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard of $500,000.

17. Defendant provided training to Plaintiffs and Class Members, controls and has knowledge of the hours to be worked by Plaintiffs and Class Members, and directs the work of Plaintiffs and Class Members. Defendant maintains communications with Plaintiffs and Class Members and receives updates as to the status of their work and controls how each assigned task is to be performed by Plaintiffs and Class Members.

## JURISDICTION AND VENUE

18. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

19.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PLAINTIFF WILFREDO MARTINEZ

20.  Defendant offered employment to Plaintiff in 2005, which was accepted.

21.  FSA hired Plaintiff and instructed him as to how to perform his job.

22.  Plaintiff Martinez would pick up and load appliances at Defendant's Wayland location, ride to the place of delivery, unload the appliance(s) and install the appliance.

23.  Plaintiff Martinez would start working at approximately 6:00a.m. and would conclude his work about 7:00p.m. or 8:00p.m.

24.  Plaintiff Martinez typically worked 6 days a week.

25.  Plaintiff Martinez worked approximately eighty-four (84) hours a week and was not compensated time and one half for all hours in excess of forty (40) that he worked.

26.  FSA paid Plaintiff Martinez a daily rate of $100.

27.  Plaintiff Martinez was never paid overtime.

28.  Plaintiff Martinez worked for Defendant until December 2015.

29.  Defendant made unlawful deductions from Plaintiff Martinez's pay.

30.  Plaintiff did not authorize Defendant to make any deductions from his pay.

31.  At one time, Defendant told Plaintiff the reason for the deductions for his pay was for insurance coverage.

32.  The deduction amount varied over the course of Plaintiff Martinez's employment.

## PLAINTIFF SCIPIO REID

33.  Defendant offered employment to Plaintiff Reid on or around June 2015, and Plaintiff Reid accepted.

34. Plaintiff Reid worked for three different subcontractors (Elite Fleet, G.O.D., and H&J Delivery) while he worked for FSA.

35. Plaintiff Reid would pick up and load appliances at Defendant's Wayland location, drive to the place of delivery, unload the appliance(s) and install the appliance(s).

36. Plaintiff Reid would start working at approximately 6:30a.m. and would conclude his work about 6:00p.m. He typically worked Monday through Saturday.

37. Plaintiff Reid worked about seventy-two (72) hours a week and was not compensated time and one half for all hours in excess of forty (40) that he worked.

38. Elite Fleet paid Plaintiff Reid a daily rate of $110.

39. G.O.D paid Plaintiff Reid $8.00 per stop.

40. H&J Delivery paid Plaintiff Reid a daily rate of $120.

41. Plaintiff Reid was never paid overtime.

## PLAINTIFF JOSE EVANGELISTA

42. Defendant offered employment to Plaintiff on or around January 2015, and Plaintiff Evangelista accepted.

43. Plaintiff Evangelista worked for the subcontractor, J & W Delivery while he worked for FSA.

44. Plaintiff Evangelista would pick up and load appliances at Defendant's Wayland location, drive to the place of delivery, unload the appliance(s) and install the appliance(s).

45. Plaintiff Evangelista would start working at approximately 6:30 a.m. and would conclude his work about 8:00 p.m.

46. Plaintiff Evangelista's work schedule and hours would vary.

47.   Plaintiff Evangelista has worked as late as 11:00 pm on occasion.

48.   Plaintiff Evangelista typically worked Monday through Saturday.

49.   Plaintiff Evangelista worked about seventy (70) to eighty (80) hours a week and was not compensated time and one half for all hours in excess of forty (40) that he worked.

50.   Defendant paid Plaintiff Evangelista a daily rate of $100.

51.   Plaintiff Evangelista was never paid overtime.

52.   Defendant made unlawful deductions from Plaintiff Evangelista's pay.

53.   Plaintiff Evangelista did not authorize Defendant to make any deductions from his pay.

54.   The deductions from Plaintiff's Evangelista's pay would vary.

## PLAINTIFF LAWRENCE SHEPARD

55.   Defendant offered employment to Plaintiff on or around November 2015, and Plaintiff Shepard accepted.

56.   Plaintiff Shepard worked for H & J Delivery Services, a subcontractor of FSA.

57.   Plaintiff Shepard would pick up and load appliances at Defendant's Wayland location, drive to the place of delivery, unload the appliance(s) and install the appliance.

58.   Plaintiff Shepard would start working at approximately 6:45a.m. and would conclude his work about 6:30p.m. He typically worked Monday through Saturday.

59.   Plaintiff Shepard worked at least seventy-two (72) hours most weeks and was not compensated time and one half for all hours in excess of forty (40) that he worked.

60.   H&J paid Plaintiff Shepard a daily rate of $125.

61.   Plaintiff Shepard was never paid overtime.

62. Plaintiff Shepard ceased working for Defendant in January 5, 2017. He did not receive his last paycheck which would have covered his last 4 weeks of pay.

63. Defendants retained two of Plaintiff Shepard's second to last paycheck in order to cover "insurance claims." This check should have been about $1500.

64. This was not unusual practice as amounts from previous checks had been kept for the same reasons.

65. Plaintiff Shepard did not consent to money being withheld from his paycheck.

66. Plaintiff Shepard has not received payment from Defendant since December 23, 2017.

## GENERAL ALLEGATIONS

67. Plaintiffs and Class Members were employed to deliver and install appliances to various households throughout Michigan.

68. During their employment with Defendant, Plaintiffs and Class Members were supervised in all aspects of their work.

69. Defendant made all decisions directly affecting the Plaintiffs and Class Members.

70. During their employment, Defendant provided Plaintiffs and Class Members with instruction on how to perform their work.

71. During their employment, Defendant set Plaintiffs and Class Members' work schedules.

72. During their employment with Defendant, Plaintiffs Class Member's hours varied from week to week.

73. During their employment with Defendant, Plaintiffs and Class Members worked more than forty hours in a given workweek.

74. Plaintiffs and Class Members were paid on a per day basis.

75. Defendant paying Plaintiffs on a per room basis resulting in Defendant failing to pay Plaintiffs an overtime premium for all hours worked over forty (40) in a workweek.

76. Plaintiffs and Class Members should have been paid time and one-half their regular rates for all hours worked over 40 in a workweek ("overtime compensation").

77. In some workweeks during the relevant time period, Plaintiffs and Class Members worked more than 40 hours per week.

78. Plaintiffs worked an average of six days a week, and a minimum of 60 hours per workweek.

79. Plaintiff's wages were withheld without their permission.

80. Plaintiffs have actual knowledge that Class Members had similar schedules with similar amount of weekly hours.

81. Plaintiffs and Class Members did not punch into a timekeeping system.

82. Defendant's method of paying Plaintiffs in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

83. It is Defendant's company wide policy and practice to compensate employees like Plaintiffs and those in similar positions on a per day basis regardless of the number of hours worked in a given workweek.

84. Defendant processes its payroll in the State of Michigan.

85. Defendant's decision to enact and enforce its company wide policy and practice regarding per day compensation was made in their company headquarters located in Michigan.

86. As a result of Defendant's company wide employment policy, Plaintiffs and Class Members were not compensated an overtime wage for all hours worked in excess of forty during a workweek.

## COLLECTIVE ACTION ALLEGATIONS

87. Plaintiffs reallege and incorporate herein all previous paragraphs.

88. All claims set forth in Count I of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b). Named Plaintiffs bring this count on his own behalf and on behalf of all other current or former employees who 1) worked or are working for Defendant at any time in the three years prior to the filing of this action, and 2) were or are subject to the violations of the FLSA described in Count I.

89. Named Plaintiffs do not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

90. Named Plaintiffs do not bring this action on behalf of any individuals who are exempt from overtime under the FLSA.

91. With respect to Count I, a collective action under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the named Plaintiffs.

92. The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiffs, were or are subject to the same or similar unlawful practices, policy, or plan as the individually named Plaintiffs, and their claims are based upon the same legal theory as the individually named Plaintiffs.

93. The employment relationships between Defendant and every Class member member are the same and differs only name, location, and rate of pay.

94. Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek and have been denied pay at the federally mandated minimum wage rate. Plaintiffs have worked with other employees of Defendant who were paid pursuant to the method that fails to comply with the law.

95. Other employees similarly situated to Plaintiffs work or have worked for Defendant, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty (40) hours per workweek.

96. Although Defendant permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

97. The Class Members perform or have performed the same or similar work as the Plaintiffs and regularly work or have worked in excess of forty (40) hours during a workweek. Similar to Plaintiffs, Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime wage.

98. Defendant's failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. The experiences of the Plaintiffs, with respect to her pay, are typical of the experiences of the Class Members.

99.   All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek and compensation for hours worked at the federally mandated minimum wage rate.

100.  Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

101.  The precise numbers of class individuals are known only to the Defendants, and are believed to include well over one hundred (100) individuals.

102.  The class of individuals spans the hotels operating in Michigan that enforce a similar policy or practice as alleged in this complaint.

103.  As such, the class of similarly situated Class Members are properly defined as follows:

> *The Class Members are all of Defendant's current and former employees, in Michigan, who are not or were not engaged in safety affecting activities and who worked over 40 hours in a single workweek but were not paid overtime.*

104.  The FLSA Collective is readily identifiable and locatable through use of the Defendant's records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## RULE 23 CLASS ALLEGATIONS

105. Plaintiffs also bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on their own behalf and on behalf of: all of Defendant's current and former employees, in Michigan, who are not or were not engaged in safety affecting activities and who worked over 40 hours in a single workweek but were not paid overtime. Plaintiffs reserve the right to amend this definition as necessary.

106. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Plaintiffs reasonably estimates there are hundreds of Rule 23 Class members. Rule 23 Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

107. There is a well-defined community of interest among Rule 23 members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited to, the following:

   a. Whether the Rule 23 Class members were properly paid for all hours worked when Defendant paid them a flat daily rate; and

   b. Whether Defendant's non-payment of wages for all compensable time amounted to a breach of contract.

108. Plaintiff's claims are typical of those of the Rule 23 Class in that he and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Class

members' claims and their legal theories are based on the same legal theories as all other Rule 23 Class members.

109. Plaintiffs will fully and adequately protect the interests of the Rule 23 Class and they retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

110. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, inter alia, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

111. This case will be manageable as a Rule 23 Class action. Plaintiffs and their counsel know of no unusual difficulties in this case and Defendant has records that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

112. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

113. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## WILLFUL VIOLATIONS OF THE FLSA

114. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs and Class Members at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when Defendant knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiffs and Class Members.

115. Defendant is a sophisticated business with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

116. Plaintiffs and Class Members request this Court permit recovery for any claims within the last three years from the filing of this suit. 29 U.S.C. § 255(a).


## WILLFUL WITHHOLDING OF PAY

117. Defendant willfully withheld portions of Plaintiffs' pay without Plaintiffs' permission.

118. Plaintiffs were forced to inquire as to why these amounts were being withheld and then provide proof if they believed the amounts were being wrongfully withheld.

119. Plaintiffs were not informed before they received their paychecks that these amounts would be withheld.

120. Plaintiff did not agree to allow these amounts to be withheld.

121. Plaintiffs suffered and were unable to pay all bills and obligations because these wages were being withheld.

122. By withholding this pay, Defendant caused Plaintiff's' pay to drop below minimum wage.

## COUNT I
## Violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. - Collective Action

123.    Plaintiffs reallege and incorporate herein all previous paragraphs.

124.    At all relevant times, Defendant has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

125.    At all relevant times, Plaintiffs and Class Members were "employee[s]" of Defendant as the term is defined under the FLSA.

126.    At all times relevant to this action, Defendant "suffered or permitted" the Plaintiffs and Class Members to work and thus "employed" Plaintiffs and Class Members within the meaning of FLSA, 29 U.S.C. § 203(g).

127.    The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and half times their regular rate of pay for every hour worked in excess of 40 hours per workweek, 29 U.S.C. § 206.

128.    Defendant violated the FLSA by failing to compensate Plaintiffs and Class Members one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

129.    Defendants' violations of the FLSA were knowing and willful.

130.    By failing to compensate Plaintiffs and Class Members a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).  Plaintiffs are victims of a uniform and company-wide enterprise which operates to not compensate employees one and one-half

times the regular rate of pay for work performed in excess of forty hours in a workweek. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who have worked or are working for Defendant.

131. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

132. As a result of Defendant's violation, Plaintiffs are entitled to their unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## COUNT II

### Breach of Contract- Rule 23 Class Action

133. Plaintiffs re-allege and incorporate all previous paragraphs herein and further allege as follows.

134. At all times relevant to this action, Defendant had a binding and valid contract with Plaintiffs and every other Rule 23 Class member to pay each employee for each hour they worked in consideration of the work duties Plaintiffs and the Rule 23 Class members performed on Defendant's behalf.

135. Upon information and belief, each Rule 23 Class member, including Plaintiffs, have an daily rate of between $100.00 and $125.00.

136. Plaintiffs and every other Rule 23 Class member performed under the contract by doing their jobs and carrying out the work they performed each shift, including the unpaid work

that was required of them, accepted by Defendant, and that they performed, in connection with their shifts which lasted more than eight (8) hours.

137.     By not paying Plaintiffs and every other Rule 23 Class member for every hour worked, Defendant systematically breached their contracts with Plaintiffs and each member of the Rule 23 Class.

138.     Plaintiffs' and the Rule 23 members' remedies under the FLSA are inadequate in this case to the extent Defendant paid them more than the federally mandated minimum wage of $7.25 per hour but less than 40 hours per week (i.e., pure "gap time" claims).

139.     Defendant also breached its duty of good faith and fair dealing by failing to keep track of the time Plaintiffs and other Rule 23 Class members spent working, which is a fundamental part of an "employer's job."

140.     As a direct and proximate result of Defendant's breaches of the contracts alleged herein, Plaintiffs and every other member of the Rule 23 Class have been damaged, in an amount to be determined at trial.

141.     These claims are appropriate for class certification under Rules 23(b)(2) and (b)(3) because the law of contracts is substantially the same throughout the United States.


**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request the following relief:

A.     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set for in Count I;

B.   Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiffs' Breach of Contract claim (Count II);

C.   Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under this litigation;

D.   Designation of Named Plaintiffs as Representative of the Plaintiffs;

E.   Declaring Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth in Count I;

F.   Declaring Defendant violated its obligations under the FLSA;

G.   Granting judgment in favor of Plaintiffs and Class Members and against Defendant on the FLSA claim as set forth in Count I and awarding each the amount of his/her unpaid overtime wage, along with an equal amount as liquidated damages;

H.   Awarding Plaintiffs and Class Members the costs of this action;

I.   Awarding Plaintiffs and Class Members reasonable attorneys' fees pursuant to the FLSA 29 U.S.C. § 201, et seq.;

J.   Awarding Plaintiffs and Class Members pre- and post-judgment interest on their damages;

K.   Defendant pay prejudgment interest to Plaintiffs and Class Members on these damages;

L.   The Court grant such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

Dated: April 7, 2017

*/s/ Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
AVANTI LAW GROUP, PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807

**THIS SPACE INTENTIONALLY LEFT BLANK**

**VERIFICATION**

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 2-23-17

Wilfredo Martinez

Date: 2-27-17

Jose Evangelista

Date: 2-22-17

Scipio Reid

Date: 2-22-17

Laurence Shepard