WESTERN DISTRICT OF MICHIGAN
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| **WILFREDO MARTINEZ,** and **JOSE EVANGELISTA,** and **SCIPIO REID,** and **LAWRENCE SHEPARD,** individually and behalf of others similarly situated, <br><br>                     Plaintiffs, <br><br> vs. <br><br> **FSA LOGISTIX, INC.** <br> A Foreign Profit Corporation, <br><br>                     Defendant. | Hon. Janet T. Neff <br> Case No. 1:17-cv-321 |

---

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC** <br> Robert Anthony Alvarez (P66954) <br> Kristin Sage (P81173) <br> Attorneys for Plaintiff <br> 600 28th St. SW <br> Wyoming, MI 49509 <br> (616) 257-6807 <br> ralvarez@avantilaw.com | **SCOPELITIS GARVIN LIGHT HANSON & FEARY** <br> Andrew J. Butcher (6325396) <br> Charles Andrewscavage (6319013) <br> 30 W. Monroe Street, Suite 600 <br> Chicago, IL 60603 <br> (312) 255-7200 <br> abutcher@scopelitis.com <br> candrewscavage@scopelitis.com <br><br> Andrew Brehm (1091306) <br> 330 East Kilbourn Ave., Suite 827 <br> Milwaukee, WI 53202 <br> (414) 219 8500 <br> abrehm@scopelitis.com <br> Attorneys for Defendant |

---

**JOINT MOTION TO APPROVE SETTLEMENT**

1

Now come the parties jointly, by and through their respective counsel, and move this Court for an order approving settlement and in support of their Motion state as follows:

The Parties stipulate pursuant to Federal Rule of Civil Procedure 41(a)(1) to request approval of the settlement reached in this case and stipulate to a judgment dismissing the case with prejudice, as a result of the settlement. In support, the Parties state the following:

1. This action was commenced on April 7, 2017. On August 31, 2017, an amended complaint in this action was filed. A second amended complaint was filed on November 10, 2017.

2. The Parties produced initial disclosures.

3. The Parties desired to resolve this litigation and in doing so negotiated and executed a settlement agreement which was achieved after extensive negotiations in which both sides were represented by counsel. The Parties agree that the agreement constitutes a full, fair and equitable resolution of all claims, unknown or known, arising out of Plaintiffs' relationship with Defendant, and that the dismissal is supported by adequate consideration

4. The settlement agreement was entered into in good faith, after arms' length negotiations, and is submitted in as an attachment to this motion.

5. Plaintiffs have been made aware that, as a result of this settlement they are waiving and releasing all rights and claims arising out of or in any way connected with the causes of action that were asserted or could have been asserted, including any claims they might have under the Fair Labor Standards Act and the Michigan Workplace Opportunity and Wage Act.

6. With the Court's approval, the Parties request that this case be dismissed, with prejudice.

7. The Parties will each pay his, their, or its own attorney fees and costs.

## MEMORANDUM OF LAW

As a general rule, "court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).[1] Thus, when settling disputes under the FLSA, the parties must submit their agreed-upon settlement to the Court for a determination as to whether the settlement is a "fair and reasonable resolution of a bona fide dispute." *Snook v. Valley Ob-Gyn Clinic, P.C.*, 2015 U.S. Dist. LEXIS 2989, 1-3, 2015 WL 144400 (E.D. Mich. Jan. 12, 2015) (citing *Lynn's Food Stores*, 679 F.2d at 1354-55); *see also Gentrup v. Renovo Servs., LLC*, 2011 U.S. Dist. LEXIS 67887, 2011 WL 2532922, at *2 (S.D. Ohio Jun. 24, 2011). "If the settlement is a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

In *Lynn's Food Stores,* the court held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F.2d at 1352. "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id.* at 1353.  Alternatively, under section 216(b), when an employee brings "a private action for back wages . . . and present[s] to the district court

---

[1] Courts have differed as to the enforceability of a private settlement of an FLSA claim. *Whiteman v. 1st Class Towing, Inc*., 2015 U.S. Dist. LEXIS 66524, *2 (W.D. Mich. April 30, 2015) citing, *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (A settlement agreement "is an enforceable resolution of those FLSA claims predicated on a *bona fide* dispute about time worked and not as a compromise of guaranteed FLSA substantive rights themselves.") (emphasis supplied); *see also Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp.2d 608, 631 (W.D. Tex. 2005) ("[P]arties may reach private compromises as to FLSA claims where there is a *bona fide* dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances.") (emphasis supplied). It is because of this difference in the treatment of FLSA settlements that the parties seek approval of the settlement agreement in this case.

a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Snook,* 2015 U.S. Dist. LEXIS 2989 at * 1-3, 2015 WL 144400(citing *Lynn Food Stores*, 679 F. 3d at 1352).

To determine whether a proposed FLSA settlement is fair and reasonable, courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. *Snook*, 2015 U.S. Dist. LEXIS 2989 at * 2-3, 2015 WL 144400, citing *Lynn's Food Stores*, 679 F.2d at 1352-53 (citing *Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); and *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). A district court may choose to consider only the factors that are relevant to the settlement at hand. *Gentrup*, 2011 U.S. Dist. LEXIS 67887, 2011 WL 2532922, at *3.

Once the Court determines that the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Williams v. K&K Assisted Living LLC,* 2016 U.S. Dist. LEXIS 9310 *4, 2016 WL 319596 (E.D. Mich. Jan. 27, 2016); *see Lynn Food Stores,* 679 F.2d at 1354; *see also Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 at *4 (M.D. Fla. Jan. 8, 2007) (citing *Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977)).

### A. THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF DISPUTED CLAIMS.

This settlement reached between the parties is fair and reasonable. The settlement resolves vigorously disputed claims, between adverse parties, and puts an end to litigation that would be far costly to pursue given the complexity of issues in this matter. Accordingly, for the reasons set forth below, it should be approved.

*1. No Risk of Fraud or Collusion*

There is no risk of fraud and collusion. Plaintiffs were at all times represented by experienced counsel who litigated aggressively on their behalf. The Defendant was likewise represented by experienced counsel who litigated this matter aggressively on Defendant's behalf. The individual claims the Plaintiffs, while disputed, are relatively modest. While this settlement resolves Plaintiffs' individual claims, it only binds themselves and no one else is bound by it. Rather all putative class members remain free to pursue any claims they perceive themselves to have against defendant (if any), and the settlement does not provide a windfall recovery to either Plaintiffs or their counsel. Hence, this factor favors approval.

*2. The Complexity, Expense and Duration of The Case*

This case, while relatively modest in damages, presents complex issues. First is the issue of whether FSA was actually an employer of any Plaintiff, which it contends it was not. While Plaintiffs disputes this, if Defendant is found not to be the employer, then there would be no liability on the part of Defendant. Additionally, there will also be a dispute as to whether Plaintiffs are independent contractors, which will be an intense factual analysis. Such a dispute will likely increase the attorney fees, and will alter the potential recovery of the individual Plaintiffs in this action. Further, given the nature of the claims, as discussed more fully below,

both parties face likely substantial expense and litigation of complex issues. Early resolution of this case avoids substantial costs to the parties and thus this factor likewise favors approval.

3. *The Likelihood of Success on the Merits*

Plaintiffs' likelihood of success on the merits as well as the amount they would be awarded is uncertain. This further suggests that the settlement is fair and appropriate.

There are a number of legal and factual issues that, if decided in Defendant's favor, would preclude Plaintiffs from making a recovery. For instance, Plaintiffs allege that they are employees of FSA, and not the other subcontractors who Defendant claims hired them and was responsible for their wages.   This claim is disputed by Defendant, who allege that FSA is not a joint employer and has no liability or connection to Plaintiffs.

The Defendant is also likely to contend, that even if there is a relationship between the parties, that Plaintiffs are independent contractors. As a result, Defendant contends no payment is due Plaintiffs as Defendant was not legally required to pay them overtime or minimum wage. Overall, both of these issues would require an in depth analysis of the facts and case law.

Even if the Plaintiffs demonstrated that they are in fact employees of FSA, and not employees of sub-contractors, or independent contractors themselves, the range of possible recovery is disputed. To prove Plaintiffs claims, they would have to demonstrate that they worked and were not paid overtime or minimum wage. This would require substantial time and the expenditure of extensive resources by both Parties, and the specific amount of recovery, if any, is uncertain. Thus, the proposed settlement is a fair and reasonable in the relation to the potential litigation risks and potential recovery. As such, this factor favors approval.

4. *Opinion of Counsel*

Plaintiffs' counsel is of opinion that settlement is in the parties' interest. *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 557 (S.D. Ohio 2000). Plaintiffs' Counsel has extensive experience litigating FLSA collective and class action cases across the country. Defendant is likewise represented by experienced counsel. All counsel believe that this settlement is in the best interest of their respective clients.  Accordingly, this factor favors approval.

5. *There are No Absent Class Members*

There are no absent class members. This is an FLSA case, and as such, no party may be bound by a settlement unless they "opt-in" to the case. 29 U.S.C. § 216(b) (No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.) Except for the four Plaintiffs, no person has yet to "opt-in" to the case. As such, there are no "absent class members" being bound by this settlement, thereby leaving any person who so desires free to pursue their own wage claims if they believe them to exist.  As such, this factor favors approval.

6. *The Public Interest*

The public's interest in judicial economy and amicable dispute resolution favors settlement on the terms voluntarily agreed to by the parties. *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *24, 2012 WL 1945144 (S.D. Ohio May 30, 2012) (drawing an end to "potentially long and protracted litigation" by virtue of a settlement agreement weighs in the favor of public interest.)  Here, the parties have voluntarily and amicably resolved their dispute via a settlement that all parties have agreed to. Thus, this factor also favors approval.

In this case, all six factors the court is to consider in determining whether a settlement is "fair and reasonable" favor approval of the settlement. As such, the parties ask the Court to approve the settlement and enter an order of dismissal.

### B.   PLAINTIFFS' ATTORNEY FEES AND COSTS[2]

Section 216(b) of the FLSA provides that "[t]he court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Here, the parties agreed to an attorney fee payment as set forth in the settlement agreement (Ex. A, ¶ 1(e). The attorney fee was agreed upon separately and without regard to the amount paid to Plaintiffs. *Bonetti v. Embarq Mgmt. Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

Congress enacted fee-shifting statutes in order to ensure that federal rights are adequately enforced. Under a fee-shifting statute, "a 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious" action to vindicate the rights protected under the statute. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). "Fee awards must be structured so that attorneys of quality and experience with other profitable demands upon their time will not need to sacrifice income available in alternative enterprises in order to effect a public policy intended to protect all citizens." *Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir.

---

[2] Defendant lacks information regarding the time Plaintiffs' counsel spent performing particular tasks in this matter and therefore, is not in a position to evaluate such time. However, because Defendant believes that that the overall fee request is within the range of reasonableness, they have agreed not object to the fee request identified in the Settlement Agreement.

1993). The Supreme Court has stated that there is a "strong presumption" that the lodestar figure represents a reasonable attorneys' fee, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue,* 559 U.S. at 552.

Moreover, "[i]n FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Spencer v. Cent. Servs., LLC*, 2012 U.S. Dist. LEXIS 4927, *11, 2012 WL 142978 (D. Md. Jan. 13, 2012). The FLSA is a remedial statute that "'has been construed liberally to apply to the furthest reaches consistent with congressional direction.'" *Johnston v. Spacefone Corp.*, 706 F.2d 1178, 1182 (11th Cir.1983) (quoting *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959)). Awarding employees their attorneys' fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, 2005 WL 3591962, at *3 (M.D. Ga. 2005). Here, Plaintiffs' counsel's attorneys' fees and costs are based upon their lodestar through the settlement process and are reasonable given the complex legal theories presented in the case, the amount of resources expended to investigate, research, and analyze Plaintiffs' claims, responding to Pre-Hearing Motion Conference request, and negotiating the settlement. Specifically, Plaintiffs' counsel has litigated this case since September of 2017, which has entailed: investigating the claims, drafting pleadings, drafting and responding to the pre-hearing motion request, and negotiating settlement, travelling, researching,

writing, and more. The activities undertook in litigating this case and reaching the present agreement were reasonable and necessary.

The fees contained in the settlement agreement are consistent with the lodestar amount. The lodestar amount is the "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). As to the time and labor required for this litigation, attached to this Motion as **Exhibit C** is the Declaration of Robert Alvarez (lead counsel for Plaintiff) outlining the attorneys' fees and litigation expenses incurred in this action and the reasonableness of said fees and expense as well as a copy of his firms' retainer agreement. (**Exhibit D**). At the time this motion was drafted, Plaintiffs' Counsel has expended approximately 37 hours litigating this case. This results in a lodestar of $344.59 per hour ($12,750.00/37 hours = $344.59).[3] This is a reasonable amount.[4] The Sixth Circuit has held that "[a] reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Plaintiffs submit that their attorneys' fees and costs are reasonable and should be approved in the amount identified in Section 1(e) of the Settlement Agreement attached as Exhibit A.

### C. CONCLUSION

Plaintiffs and Defendant agree that the settlement, the terms of which are set forth in **Exhibit A** is a fair and reasonable resolution of a bona fide FLSA dispute. As such, the parties

---

[3] Plaintiffs counsel, Robert Alvarez, has been awarded a rate of $350 per hour in the past. *See* e.g. *Alvarez v. Davies d/b/a PD Construction*, (1:15-cv-417 at PageID.38, 48-49) ("recommending approval of an hourly rate of $350 per hour); See also *Munoz v. Rodriguez*, (1:15-cv-424) (same).

[4] Plaintiff's counsel notes that his retainer agreement indicates that his firm would also be entitled to a percentage of the award plus his attorney fees. However, Plaintiff's counsel is only seeking the fees negotiated through this agreement and will not be seeking any additional percentage of the award from the Plaintiffs.

jointly request that this Court approve the settlement and enter the order attached hereto as **Exhibit B**.

　　　　**WHEREFORE**, Plaintiffs and Defendant respectfully move this Court for entry of an Order (i) **GRANTING** this Motion; (ii) **APPROVING** the settlement of this matter; and (iii) **DISMISSING** this action in its entirety <u>with</u> prejudice and <u>without</u> further costs and fees.

　　　　　　　　　　　　　　　　　Respectfully Submitted,

| | |
|---|---|
| Dated: January 25, 2018 | By: *Robert Anthony Alvarez*　　　．<br>Robert Anthony Alvarez (P66954)<br>AVANTI LAW GROUP, PLLC<br>Counsel for Plaintiff<br>600 28th Street SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com |
| Dated: January 25, 2018 | By: *Charles Andrewscavage*　　．<br>Charles Andrewscavage (6319013)<br>Andrew J. Butcher (6325396)<br>30 W. Monroe Street, Suite 600<br>Chicago, IL 60603<br>(312) 255-7200<br>abutcher@scopelitis.com<br>candrewscavage@scopelitis.com<br><br>Andrew Brehm (1091306)<br>330 East Kilbourn Ave., Suite 827<br>Milwaukee, WI 53202<br>(414) 219 8500<br>abrehm@scopelitis.com |

WESTERN DISTRICT OF MICHIGAN
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**WILFREDO MARTINEZ,** and
**JOSE EVANGELISTA,** and
**SCIPIO REID,** and
**LAWRENCE SHEPARD,**
individually and behalf of others
similarly situated,
     Plaintiffs,

vs.

**FSA LOGISTIX, INC.**
A Foreign Profit Corporation,

     Defendant.

Hon. Janet T. Neff
Case No. 1:17-cv-321

---

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Kristin Sage (P81173)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | **SCOPELITIS GARVIN LIGHT HANSON & FEARY**<br>Andrew J. Butcher (6325396)<br>Charles Andrewscavage (6319013)<br>30 W. Monroe Street, Suite 600<br>Chicago, IL 60603<br>(312) 255-7200<br>abutcher@scopelitis.com<br>candrewscavage@scopelitis.com<br><br>Andrew Brehm (1091306)<br>330 East Kilbourn Ave., Suite 827<br>Milwaukee, WI 53202<br>(414) 219 8500<br>abrehm@scopelitis.com<br>Attorneys for Defendant |

## ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

This matter having come before the Court on the Joint Motion of the Parties to Approve Settlement, the Court having reviewed the settlement agreement and determined it to be fair and reasonable, and the Court being otherwise duly advised in the premises:

**IT IS HEREBY ORDERED** that the settlement be and is approved;

**IT IS FURTHER ORDERED** that this case be and is hereby dismissed in its entirety with prejudice without attorneys' fees and costs except as provided in the settlement agreement.

**IT IS SO ORDERED**:

Dated: _____, 2018          _____
                                  UNITED STATES DISTRICT COURT JUDGE