# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

The parties to this Settlement Agreement and Release of All Claims ("Agreement") are Wilfredo Martinez, Jose Evangelista, Scipio Reid, Lawrence Shepard (collectively, the "Claimants") and FSA Logistix, Inc. ("FSA"). This Agreement is for the benefit of Wilfredo Martinez, Jose Evangelista, Scipio Reid, Lawrence Shepard, and FSA (collectively, the "Parties") and the Released Parties defined below.

### Recitals

**A.** On April 7, 2017, Wilfredo Martinez, Jose Evangelista, Scipio Reid, and Lawrence Shepard filed a lawsuit in the United States District Court for the Western District of Michigan Southern Division under Case No. 1:17-cv-00321 (the "Complaint") claiming FSA misclassified them and others similarly situated as non-employees, brought claims under the Fair Labor Standards Act and Michigan law, and sought certification of an FLSA collective action and a Rule 23 class action. On August 31, 2017, Claimants filed an amended complaint (the "Amended Complaint") that FSA answered on September 28, 2017. After FSA filed a pre-motion conference request seeking dismissal of Claimants' claims, Claimants filed a second amended complaint (the "Second Amended Complaint") on November 10, 2017, alleging the following causes of action: (1) failure to pay overtime wages in violation of the Fair Labor Standards Act; (2) failure to pay proper minimum wages in violation of the Fair Labor Standards Act; and (3) failure to pay proper minimum wages in violation of the Michigan Workforce Opportunity Wage Act. The Second Amended Complaint likewise sought FLSA collective action and Rule 23 class action treatment.

**B.** FSA denied, and continues to deny, all of the allegations made by Claimants in the Complaint, Amended Complaint, and Second Amended Complaint (collectively "the Action").

**C.** By executing this Agreement, the Parties expressly acknowledge that this settlement is fair, reasonable and adequate and in their mutual best interests and that Claimants and FSA desire to compromise, settle and release all rights and claims arising out of or in any way connected with the causes of action that were asserted or could have been asserted in the Action, Claimants' work with FSA, and any and all transactions, occurrences or matters occurring between Claimants and FSA prior to the date of this Agreement.

### Agreement

**1. Settlement Amount.** As consideration for this Agreement and without admitting any liability or wrongdoing, FSA will pay the gross sum of $52,750 (the "Settlement Amount") as full compensation for any and all claims for damages, including compensatory damages, pecuniary damages, punitive damages, liquidated damages, interest, penalties, expenses, costs, and attorney fees arising out of the claims in the Action. The Settlement Amount will be paid as follows:

   a. FSA will pay the gross amount of $10,000.00 made payable to Wilfredo Martinez. No deductions or withholding will be made from the payment, and the amount will be reported on an IRS Form 1099 issued to Wilfredo Martinez.

    b.    FSA will pay the gross amount of $10,000.00 made payable to Jose Evangelista. No deductions or withholding will be made from the payment, and the amount will be reported on an IRS Form 1099 issued to Jose Evangelista.

    c.    FSA will pay the gross amount of $10,000.00 made payable to the Scipio Reid. No deductions or withholding will be made from the payment, and the amount will be reported on an IRS Form 1099 issued to Scipio Reid.

    d.    FSA will pay the gross amount of $10,000.00 made payable to Lawrence Shepard. No deductions or withholding will be made from the payment, and the amount will be reported on an IRS Form 1099 issued to Lawrence Shepard.

    e.    FSA will pay Claimants' attorneys the gross amount of $12,750.00 made payable to Avanti Law Group PLLC for expenses, costs, and attorney fees, which shall be solely responsible for the division of expenses, costs, and attorney fees between Claimants' attorneys. No deductions or withholding will be made from the payment, and the amount will be reported on an IRS Form 1099 issued to Avanti Law Group PLLC.

FSA shall tender payment of the Settlement Amount in two payments. $26,375, which is 50% of the Settlement Amount, will be tendered seven days after entry of dismissal of the Action with prejudice. The remaining $26,375 will be tendered thirty days after the entry of dismissal of the Action with prejudice.

By signing this Agreement, Avanti Law Group PLLC and each Claimant agrees to provide a fully-executed IRS Form W-9 to FSA before FSA is required to issue the payment to Avanti Law Group PLLC or any Claimant, and further agrees to indemnify FSA from any claim—either individually or collectively—for expenses, costs, or attorney fees.

The Settlement Amount is in full and complete settlement and satisfaction of any and all claims Claimants have made or could make against FSA, including, but not limited to, those allegations made in the Action, and shall serve to fully compensate Claimants for the expenses, costs, and attorney fees they may have incurred in connection with the pursuit of any claims against FSA, as well as for all other expenses, costs, and attorney fees they may have incurred, or may incur in the future, with respect to the claims released herein. Claimants acknowledge and agree that the Settlement Amount represents a payment to which they otherwise would not be entitled, but for entering into this Agreement.

    **2.**    **Disclaimer of Liability.** Nothing in this Agreement shall constitute or should be construed as an admission of liability or wrongdoing by FSA. FSA expressly denies all wrongdoing. FSA expressly asserts that: (1) Claimants were not an employees of FSA, (2) Claimants were exempt from the FLSA's overtime wage requirements, and (3) FSA acted in good faith at all times.

    **3.**    **Tax Treatment.** Claimants understand and agree that FSA is providing neither tax nor legal advice, nor making any representations regarding tax obligations or consequences, if any, related to this Agreement. Claimants further agree that they will assume any such tax

obligations or consequences that may arise in connection with the payment of the Settlement Amount and consideration paid under this Agreement and shall not seek indemnification from FSA in this regard. Claimants further agree to indemnify, defend, and hold FSA harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments, penalties, interest, taxes, attorneys' fees, or recoveries by any governmental entity against FSA for payment of the Settlement Amount in this manner or for any failure by Claimants to pay taxes due and owing, if any, on the payment of the Settlement Amount by FSA.

4. **General Release by Claimants.** As consideration for this Agreement, including the payment of the Settlement Amount described in Paragraph 1 of this Agreement, Claimants release, discharge, and agree to hold harmless FSA and its officers, directors, shareholders, agents, employees, representatives, subsidiaries, divisions, affiliates, related companies, successors and assigns (collectively, the "Released Parties") from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages (including, but not limited to, liquidated damages, punitive damages, and damages for pain and suffering), penalties, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney fees and costs), known or unknown, at law or in equity existing as of the date of this Agreement. Without limiting the foregoing general release, Claimants understand that this general release applies, but is not limited, to:

   a. All claims included in, covered by, or that could have been asserted in the Action under any state or federal law.

   b. All claims arising out of Claimants' relationship with any motor carrier contracting with FSA or the termination of their relationship with any motor carrier contracting with FSA.

   c. Any and all claims arising out of Claimants' work with FSA or the termination of their work with FSA.

   d. All claims arising from any alleged violation by FSA or the Released Parties of any federal, state, or local statutes, or ordinances, including, but not limited to:

      i. The Michigan Workforce Opportunity Wage Act;

      ii. The Fair Labor Standards Act;

      iii. The Employee Retirement Income Security Act;

      iv. The Omnibus Budget Reconciliation Act;

      v. The Family and Medical Leave Act;

      vi. The Civil Rights Act of 1991;

      vii. Title VII of the Civil Rights Act of 1964; and

      viii. The Americans with Disabilities Act.

  e. All claims based on constitutional, statutory, common law, or regulatory grounds, including, but not limited to, wrongful termination in violation of public policy, intentional infliction of emotional distress, negligent supervision, workers' compensation retaliation, breach of contract or implied covenant, deprivation of equity interest, shareholder rights, conversion, defamation, retaliation, wrongful or constructive discharge, fraud, misrepresentation, or promissory estoppel.

  f. All claims for any relief, no matter how denominated, including, but not limited to, back pay, front pay, vacation pay, holiday pay, meal or rest breaks, overtime, reimbursement of expenses, bonuses, compensatory damages, punitive damages, damages for pain and suffering and attorneys' fees.

While this general release does not prohibit Claimants from filing charges of discrimination against FSA or the Released Parties with any governmental agency, Claimants expressly waive their right to personally recover any money from FSA or the Released Parties as a result of any such filings by him or any person. *Claimants further expressly waive their right to personally recover any money from FSA or the Released Parties as a result of any class, collective action, or multi-party action or proceeding. Claimants also agree to opt-out or otherwise decline participation in any class, collective action, or multi-party action proceeding against FSA or the Released Parties.*

  5. **Dismissal of the Action.** Claimants agree to do any and all things necessary to cause the Action to be dismissed with prejudice.

  6. **Non-Admission.** Claimants acknowledge that this Agreement does not constitute an admission by FSA that any action taken by it during the course of or with respect to his work with FSA was wrongful, unlawful or in violation of any federal, state, local or common law or statutory or constitutional rights of Claimants. Claimants also understand that this Agreement is entered into solely for the purpose of settlement and compromise and in an effort to fully resolve all matters pertaining to the Action, all matters arising out of Claimants' work with FSA, and any and all transactions, occurrences or matters occurring between the Parties prior to the date of this Agreement.

  7. **Covenant Not to Sue.** By executing this Agreement, Claimants acknowledge and further agrees not to file or re-file the Action or any other complaints or charges against FSA or the Released Parties related to conduct occurring prior to the date of this Agreement.

  8. **Release of Unknown Claims.** With regard to any causes of action or claims, which are presently unknown, Claimants acknowledge and realize that factual matters now unknown to them may give rise to such causes of actions and claims and that this Agreement has been negotiated and agreed upon in light of that realization, and, having been made fully aware of that possibility, Claimants nevertheless intend to release unknown claims.

  9. **No Claim for Costs and Attorney Fees.** Claimants agree that neither this Agreement nor any action taken pursuant to this Agreement shall be interpreted or construed to render them a prevailing party for any reason, including, but not limited to, an award of attorney fees or costs, and no monies in addition to those referred to Paragraph 1 of this Agreement shall

be payable to Claimants for expenses, costs, or attorney fees or for any other reason. Claimants are responsible for their expenses, costs, and attorney fees, except as otherwise specifically provided herein.

**10.     Non-Disparagement.** Claimants also agrees that they will not make any disparaging or other critical comments about any or all of the Released Parties, and further agree not to encourage or assist in litigation against any or all of the Released Parties, except insofar as Claimants' testimony is required by law. Claimants agree further to not testify in any matter to which FSA or any Released Parties has an interest unless Claimants are under compulsory process. If Claimants are served with process concerning any matter in which FSA or any Released Parties has any interest, they will immediately notify by overnight mail and email counsel for FSA, Andrew J. Butcher, Scopelitis, Garvin, Light, Hanson & Feary, 30 West Monroe Street, Suite 600, Chicago, IL 60603, (312) 255-7200, fax (312) 422-1224 abutcher@scopelitis.com.

**11.     Remedies for Breach.** The Parties agree that significant harm will be caused if Claimants violate the Non-Disparagement provision (¶ 10) or the Covenant Not to Sue provision (¶ 7), but that such damages will be difficult to specifically quantify. Consequently, the Parties agree that liquidated damages in the amount of $4,000.00, plus payment of FSA's expenses, costs, and attorney fees incurred in such action, shall be awarded to FSA if FSA demonstrates, through clear and convincing evidence, any Claimant's breach of the Non-Disparagement provision (¶ 10), or Covenant Not to Sue provision (¶ 7) of this Agreement.

**12.     Representations and Warranties.** Claimants represent and warrant that (a) they have read this Agreement and fully understand it, (b) they are fully aware of their rights, (c) they have had the opportunity for the advice and assistance of an attorney throughout the negotiation of this Agreement, (d) they have sought and received the advice of an attorney, (e) they have not transferred their interest in their claim to any other person, and (f) they are entering into this Agreement freely, voluntarily and without duress, undue influence, coercion, or promise of benefit, except as expressly set forth herein.

**13.     Effect of Agreement.** This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, administrators, officers, directors, shareholders, agents, employees, representatives, subsidiaries, divisions, affiliates, related companies, successors and assigns, each of which shall be considered a third-party beneficiary of this Agreement, although not specifically named herein.

**14.     Construction of Agreement.** The Parties hereby confirm and agree that this Agreement is the result of negotiation and compromise, that, in interpreting this Agreement, neither party shall be considered to be the drafter of the document, and that the language shall not be strictly construed against either party. Instead, the language of the Agreement shall be interpreted in a manner consistent with the ordinary and reasonable meaning of the words used.

**15.     Integration.** This Agreement contains the entire agreement of the Parties as to the subject matter covered herein, supersedes all prior negotiations, proposed agreements, and understandings, if any, between the Parties, and may not be modified or amended except in writing signed by each of the Parties. Claimants acknowledge that they have not relied upon any representations or promises except as set forth herein and has not relied upon FSA or its counsel

for any advice on or interpretation of the legal or tax implications of this Agreement. By signing below, the Parties acknowledge receipt of a copy of this Agreement.

**16.     Severability.** If any clause of this Agreement be found void by a court of law, that fact shall not impair the remainder of this Agreement.

**17.     Governing Law.** This Agreement shall be interpreted and enforced in accordance with the laws of the State of Michigan.

**18.     Breach of this Agreement.** The Parties agree to, and hereby do submit to, arbitration in Kent County, Michigan, in the event of any dispute arising out of or related to this Agreement. The arbitration shall be governed by the rules of the American Arbitration Association ("AAA"), though the arbitration itself need not be conducted through the AAA. The prevailing party in any such dispute shall be entitled to recover, in addition to any and all other appropriate relief, all expenses, costs, and attorney fees arising therefrom.

**19.     Counterparts.** This Agreement may be executed in identical counterparts, each of which shall constitute an original of this Agreement.

**20.     Time for Consideration and Revocation.** Upon executing this Agreement, each Claimaint shall have seven days following his execution of this Agreement in which he may revoke this Agreement. This Agreement shall not be enforceable until this revocation period has expired. Notice of the revocation of this Agreement must be in writing and delivered to Andrew Butcher, Scopelitis, Garvin, Light, Hanson & Feary, by email (abutcher@scopelitis.com) and fax (312-422-1224) no later than 10:00 o'clock a.m. on the next business day following the expiration of the seven-day period.

**21.     FSA General Release.** As consideration for this Agreement, FSA releases and discharges the Claimants, of and from any and all Claim or Claims, which FSA had, now have, or hereafter may have against the Claimants from the beginning of time to the date of this Agreement, whether such Claims are known or unknown to the Defendant Releasees

The Parties have signed this Agreement on the dates below their signatures or the signatures of their representatives. The date of this Agreement shall be the date of the latest signature.

| CLAIMANTS | FSA LOGISTIX, INC. |
|---|---|
| *[signature]* <br> Wilfredo Martinez | By:_____ <br><br> Printed Name and Title |
| Dated: 1-23-18 | Dated:_____ |
| *[signature]* <br> José Evangelista | |
| Dated: 01-23-18 | |
| *[signature]* <br> Scipio Reid | |
| Dated: 1-22-18 | |
| *[signature]* <br> Lawrence Shepard | |
| Dated: 1-21-18 | |

4812-2673-5193, v. 9

7

The Parties have signed this Agreement on the dates below their signatures or the signatures of their representatives. The date of this Agreement shall be the date of the latest signature.

| CLAIMANTS | FSA LOGISTIX, INC. |
|---|---|
| | By: *Catherine M Schwab* |
| Wilfredo Martinez | Catherine M Schwab, EVP/Treasurer |
| | Printed Name and Title |
| Dated:_____ | Dated: January 22, 2018 |
| | |
| Jose Evangelista | |
| | |
| Dated:_____ | |
| | |
| Scipio Reid | |
| | |
| Dated:_____ | |
| | |
| Lawrence Shepard | |
| | |
| Dated:_____ | |

4812-2673-5193, v. 9